# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Demarious White

November 19, 2008

Case No. CJ08001072

By JUDGE LISA B. KEMLER

Before the Court is the motion of the defendant to reconsider the Court's prior ruling granting the Commonwealth's motion in limine and prohibiting the defendant from cross-examining the co-defendant about his plea agreement with the Commonwealth. The Court previously entertained extensive argument on the motion and has considered the parties' subsequent written memoranda, the applicable statutes, and case law. Inasmuch as the parties have thoroughly briefed the issue, the Court shall dispense with any further oral argument and issue a ruling herein.

The defendant is charged with robbery. It is alleged that, on August 5, 2008, the defendant and Timothy O'Connor, the co-defendant, approached the complaining witness who was riding a bike. The defendant allegedly struck the complainant and knocked him off of the bike. Mr. O'Connor then angrily approached the complainant and yelled at him. According to the complainant, the defendant took the bike and rode off with it. On the same night as the incident, Mr. O'Connor was stopped by the police, identified by the complainant, and arrested for robbery. When interviewed by the police, Mr. O'Connor identified the defendant as the person who had chased after the complainant and who assaulted him. Mr. O'Connor admitted approaching the complainant in an angry manner and admitted that he rode the bike away from the scene but claimed that he did so believing that there was a dispute about who owned the bike. The Commonwealth thereafter entered into a written plea

agreement with Mr. O'Connor which allowed him to plead to a misdemeanor offense. Although the agreement obligated Mr. O'Connor to testify against the defendant if asked to do so by the Commonwealth, the agreement expressly provided that the agreement is not "conditioned upon any person subsequently charged in my case being found guilty, nor is it conditioned in any manner upon the outcome of any pending investigation." On October 20, 2008, Mr. O'Connor pleaded guilty in the Juvenile and Domestic Relations District Court to assault and was sentenced. The Commonwealth proffered that it has no intention of prosecuting Mr. O'Connor for any additional offenses related to or arising out of this incident. The Commonwealth does not intend to call Mr. O'Connor as a witness in its case in chief.

The defendant seeks to call Mr. O'Connor as a witness "having an adverse interest" under Va. Code § 8.01-401(A). Under § 8.01-401(A), such a witness may be cross-examined by the party calling him according to the rules applicable to cross-examination. The defendant argues that, though Mr. O'Connor will testify that the defendant struck the complainant, Mr. O'Connor will impeach the complainant's testimony about who actually took the bike and, in addition, he will testify that the defendant did not intend to steal the bike and there was no agreement between him and the defendant to do so. Rather, Mr. O'Connor will testify, according to the defendant, that he thought that the bike belonged to the defendant and he was merely reclaiming it for the defendant. (Defendant's Motion to Reconsider Commonwealth's Motion in Limine at 6.) The defendant argues, that under § 8.01-401(A), he is entitled to cross-examine Mr. O'Connor about his bias and elicit testimony about his plea agreement with the Commonwealth.

The Court disagrees with the defendant. Mr. O'Connor does not have an "adverse interest" as contemplated by the statute. While it is true that Mr. O'Connor's testimony is both inculpatory and exculpatory of the defendant, "[a] witness does not have an "adverse interest" simply because his or her testimony is adverse or injurious to the calling party's case." *Maxey v. Commonwealth*, 26 Va. App. 514, 521, 495 S.E.2d 536 (1998), citing, *Butler v. Parrocha*, 186 Va. 426, 433, 43 S.E.2d 1 (1947). An adverse witness under Va. Code § 8.01-401(A), has been defined as an opposing party or a nonparty witness who has a financial or other personal interest in the outcome of the case. *Id*. Mr. O'Connor's plea agreement with the Commonwealth is neither dependent upon his testimony against the defendant nor the outcome of the defendant's trial. As such, he does not have a personal interest in the outcome of the case.

The defendant can certainly call Mr. O'Connor as a witness to testify about what he observed and about his role in the incident. In the event Mr. O'Connor gives unexpected adverse testimony, the defendant may impeach Mr. O'Connor with prior inconsistent statements under Va. Code § 8.01-403. And, if the Commonwealth, during its cross-examination of Mr. O'Connor, impeaches him in such a way that it opens the door, the defendant may seek to elicit testimony about the terms of his plea agreement in rebuttal.